UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
REGINALD DALCIME,

                            Plaintiff,

            -against-

NASSAU COUNTY SHERIFFS DEPT; MONIQUE
KNIGHT, Grievance Coordinator; JOHN DOE,
RELIGIOUS SUPERVISOR; JOHN DOE, CHAPLIN
RABBI,

                           Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
24-CV-7908 (OEM) (SIL)

ORELIA E. MERCHANT, United States District Judge:

Pro se plaintiff Reginald Dalcime, who is presently incarcerated at the Nassau County Correctional Center ("NCCC"), filed this action under 42 U.S.C. § 1983 ("Section 1983"). Accompanying the Complaint is an application to proceed *in forma pauperis*. Plaintiff's request to proceed *in forma pauperis* is granted. However, plaintiff's claims against the Nassau County Sheriff's Department are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Plaintiff's claims against defendants Monique Knight, Grievance Coordinator, "John Doe, Religious Supervisor", and "John Doe, Chaplin Rabbi" will proceed.

## BACKGROUND

Plaintiff asserts that at intake, the correctional staff incorrectly noted that Plaintiff was Catholic when he is "Hebrew" and practices Judaism. Complaint ("Compl."), ECF 1, at 5. Plaintiff asserts that he submitted three change of religion forms to NCCC administrators. *Id*. Following Plaintiff's first grievance, he was informed by Defendant Knight that the request for change of religious status is "to be signed and approved by the Chaplin/Rabbi." *Id*. at 9. Plaintiff

asserts that he should be receiving kosher meals and be permitted to attend Friday night religious services. *Id*. at 10-11. Plaintiff seeks monetary damages and the freedom to practice his religious beliefs. *Id.* at 7.

## LEGAL STANDARD

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a pro se plaintiff's complaint liberally and interpret to raise the strongest possible arguments suggested. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Plaintiff's Section 1983 Claims

Plaintiff asserts that Defendants have violated his constitutional right to the free exercise

of religion by denying him the proper religious classification, the right to attend religious services, and receive kosher food.   Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).   To state a § 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).   Second, the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

   **1. Plaintiff's Section 1983 Claims against the Nassau County Sheriff's Department**

Plaintiff may not maintain an action against the Nassau County Sheriff's Department because it is not a suable entity.  *See Sowers v. Nassau Cnty. Corr. Ctr.,* 24-CV-6540, 2025 WL 35964, at *2 (E.D.N.Y. Jan. 6, 2025).   "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."   *Blanton v. Nassau Cnty. Sheriff Dep't*, 20-CV-768, 2024 WL 1072207, at *6 (E.D.N.Y. Mar. 12, 2024) (internal citaions and quotation marks omitted).  The Nassau County Sherriff's Department does not have a legal identity separate from the County and therefore Plaintiff's claim against the Nassau County Sherriff's Department must

be dismissed. *See id.* Plaintiff's Section 1983 claims will proceed against Defendant Monique Knight and the remaining John Doe Defendants once those Defendants are identified.

## CONCLUSION

For the foregoing reasons, the Court hereby orders the following:

1) Plaintiff's claims against the Nassau County Sheriff's Department are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

2) The Clerk of Court is respectfully directed to prepare a summons for Defendant Monique Knight and the United States Marshals Service will serve the summons, complaint, and this Order upon Defendant Knight, without prepayment of fees.

3) In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Nassau County Attorney is directed to ascertain the full name of the "John Doe Rabbi" or "Chaplin" that Defendant Knight referenced on the inmate grievance form dated September 11, 2024, *see* Compl. at 9, and the full name of the religious supervisor who allegedly denied Plaintiff the right to attend religious services, including the full name and provide the addresses where these individuals can currently be served. This information shall be submitted to the Court within forty-five (45) days from the date of this Order.

The Clerk of Court is respectfully directed to mail a copy of the instant order to the Nassau County Attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                              /s/
                                          ORELIA E. MERCHANT
                                          United States District Judge

Dated: Brooklyn, New York
February 5, 2025